IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN ROBERT DEMOS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 13-50-SLR |
| ) | |
| UNITED STATES SECRETARY ) | |
| OF DEFENSE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM ORDER**

At Wilmington this 19th day of September, 2013, having reviewed the above captioned case pursuant to Rule 4, 28 U.S.C. foll. § 2254;

IT IS ORDERED that petitioner John Robert Demos' ("petitioner") pro se motion for habeas corpus relief under 28 U.S.C. § 2241 (D.I. 2) is **DISMISSED** for lack of jurisdiction, for the reasons that follow:

**1. Background.** Petitioner is presently confined at Clallam Bay Correction Center in Clallam Bay, Washington. (D.I. 2 at 1) Petitioner is challenging his June 1978 conviction in the Kings County Superior Court of Seattle, Washington for first degree burglary and attempted rape. He is serving a life sentence for those crimes. (D.I. 2 at 2) As noted by the United States District Court for the District of Massachusetts, "the PACER records reveal that [petitioner] has filed at least 130 other habeas applications in courts throughout the United States. *See Demos v. United States Secretary of Defense*, 2013 WL 80167 (D.Mass. Jan. 3, 2013).

2. Although not entirely clear, petitioner's instant § 2241 motion appears to allege that (1) the state court in which he was tried and convicted was actually a military

court; (2) the court lacked in personam and subject matter jurisdiction over his case because he is a civilian, not a soldier; (3) his right to be protected against double jeopardy has been violated; (4) the government engaged in vindictive prosecution; and (5) there was insufficient evidence to sustain his conviction.

**3. Standard of Review.** A district court judge may summarily dismiss a request for habeas relief if it plainly appears from the face of the motion and any exhibits annexed to it that the petitioner is not entitled to relief. *See* Rules 1 and 4, 28 U.S.C. foll. § 2254 (Rule 4, which authorizes summary dismissal of § 2254 petitions, is applicable to § 2241 petitions under Rule 1(b)). Federal district courts may only grant petitions for writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has interpreted this phrase to require "nothing more than that the court issuing the writ have jurisdiction over the custodian" of the petitioner. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) ("The writ . . . does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Thus, a state prisoner challenging the constitutionality or legality of his custody that is the result of a state court judgment of conviction must file a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 in a judicial district which can acquire *in personam* jurisdiction over the petitioner's warden or custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). In turn, a state prisoner challenging his present physical confinement that is not the result of a state court conviction (e.g., pre-trial detention) must file a 28 U.S.C. § 2241 petition in the district of confinement, because that is where the person with immediate custody of the petitioner (i.e., the warden) is located. *See id.* at 435, 442.

4. **Discussion.** Petitioner's current incarceration is not the result of a judgment of conviction issued in the State of Delaware. Moreover, petitioner is presently confined in the State of Washington, and this court is located in the State of Delaware. Thus, whether petitioner's instant habeas request is construed as a challenge to his underlying conviction or as a challenge to his present physical confinement, it is clear that this court cannot consider his § 2241 motion because it does not have jurisdiction over his custodian. Accordingly, summary dismissal of petitioner's § 2241 motion is appropriate.

5. Additionally, given petitioner's extensive and frivolous litigation history, the court declines to transfer the case to the Western District of Washington because such a transfer would not be in "furtherance of justice." 28 U.S.C. § 2241(d); 28 U.S.C. § 1631.

6. The court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. LAR 22.2 (2011).

IT IS FURTHER ORDERED that petitioner's motion for leave to proceed in forma pauperis (D.I. 2) is GRANTED for the limited purpose of issuing this memorandum order.

IT IS FURTHER ORDERED that the clerk of the court shall close the case and mail a copy of this memorandum order to petitioner at his address of record.

_____
UNITED STATES DISTRICT JUDGE